IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARL D. WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT BUECHELE, et al.,<br><br>    Respondents. | Civil Action<br>No. 15-1720 (AET)<br><br>**MEMORANDUM OPINION AND ORDER** |

**Thompson, District Judge:**

Before the Court is Petitioner Karl D. Williams' ("Petitioner") petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and application to proceed *in forma pauperis*.

1. Petitioner is presently incarcerated in New Jersey State Prison, Trenton, New Jersey.

2. Petitioner has certified his Petition includes all the grounds for relief from the challenged conviction and sentence.

3. Petitioner has submitted an affidavit of poverty and institutional account statement certified by an authorized officer of New Jersey State Prison.

4. The Court has screened the Petition for dismissal and determined that dismissal of the Petition without an answer and the record is not warranted. *See* 28 U.S.C. § 2254 Rule 4.

5. As the proper respondent in a habeas action is the warden of the institution in which Petitioner is confined, the

Clerk of Court shall be ordered to substitute New Jersey State Prison Administrator Stephen D'Ilio as the Respondent in this action.

IT IS this 10th day of June, 2015, hereby

ORDERED that the Clerk of Court shall substitute New Jersey State Prison Administrator Stephen D'Ilio as the Respondent in this action; and it is further

ORDERED that Petitioner shall file a notice of change of address with the Clerk of the Court within 30 days of the date of this Order; and it is further

ORDERED that Petitioner's application to proceed *in forma pauperis* is GRANTED; and it is further

ORDERED that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondent, and upon the Attorney General of the State of New Jersey, by regular mail with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall electronically file a full and complete answer to said Petition within 45 days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall address the allegations and grounds raised in the Petition on the merits, and shall adhere to the requirements of 28 U.S.C. § 2254 Rule 5; and it is further

2

ORDERED that Respondents shall raise by way of answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the

petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer." Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

> **"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or
>
> **"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**;

and it is further

ORDERED that Petitioner may file and serve a reply to the answer within 30 days after Respondents file the answer, *see* Rule 5(e) of the Rules Governing § 2254 Cases; and it is further

4

**ORDERED that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court;** and it is finally

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail at New Jersey State Prison.

                                                                           /s/ Anne E. Thompson
                                                                           ANNE E. THOMPSON
                                                                           U.S. District Judge

5